UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEICO MARINE INSURANCE COMPANY and SALEEM TAWIL, | : : : | |
| Plaintiffs, | : : | Civil Action No.: |
| v. | : : | In Admiralty |
| TYLER SPANIOL and TYLER'S DOCK SERVICES, LLC, | : : : : : | |
| Defendants | : : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Geico Marine Insurance Company ("Geico") and Saleem Tawil ("Tawil") allege:

**JURISDICTION**

1. The Court has Admiralty and Maritime Jurisdiction within the meaning of Fed.R.Civ.P. 9(h) and pursuant to 28 U.S.C. § 1333, because the matter involves a marine insurance contract, a marine vessel delivery contract, and a claimed personal injury on a vessel on navigable waters.

2. The Court also has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining the question and actual controversy between the parties.

**PARTIES AND RELATED ENTITIES**

3. Geico is a Maryland corporation with a principal place of business at 5323 Port Royal Road, Springfield, Virginia. At all relevant times, Geico is in the business of, *inter alia*, marine insurance.

1

4.  Tawil is an individual residing in Austin, Texas.  At all relevant times, Tawil was and is the owner of the vessel EVENING LIGHT, a 42 foot Kadey Krogen trawler (the "Vessel"), which is presently berthed in Gloucester, Massachusetts.

5.  On information and belief, Defendant Tyler Spaniol ("Spaniol") is an individual who resides in Texas.

6.  On information and belief, Defendant Tyler's Dock Services, LLC ("TDS"), is a Texas Limited Liability Company with a principal office in Corpus Christi, Texas.  At all material times, and on information and belief, Spaniol is the principal owner and manager of TDS.

**FACTS**

7.  At all material times, Tawil and the Vessel were insured under Policy No.: BSP5015594 issued by Geico (the "Policy"), covering, inter alia, certain Hull and Protection and Indemnity ("P&I") risks pursuant to that Policy's terms.

8.  The Policy also names as an additional insured to its Protection and Indemnity cover "[a] paid captain or crew who is employed on an insured boat."

9.  On or about October 8, 2020, Tawil entered into a Vessel Delivery Agreement with TDS, whereby TDS agreed to deliver the Vessel from its then berth in Chester, Nova Scotia, Canada to Port Aransas, Texas, USA.  A copy of the Vessel Delivery Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

10. On information and belief, TDS did not prosecute the Vessel Delivery Agreement with reasonable dispatch, and did not take the most efficient routes to timely complete the delivery.

11. On information and belief, and during the course of the Vessel Delivery between about October 15, 2020 and October 31, 2020, TDS's employees Spaniol and crewmembers consumed alcoholic beverages onboard in further material breach of the Vessel Delivery Agreement.

12.     On or about October 20, 2020, while in Gloucester, Massachusetts, Spaniol submitted a claim to both Geico and Tawil that he became injured while delivering the Vessel between Nova Scotia and Gloucester, Massachusetts, and placed the Vessel delivery on indefinite standby, yet subject to daily delivery charges, claiming the need to remain in Gloucester for medical treatment.

13.     Section III(B)(2) of the Policy requires cooperation of the insured in an event of a claimed loss.  This includes, without limitation, providing any requests for documents and providing an examination under oath as many times as requested.

14.     Spaniol, despite opportunity to do so, has declined to provide a complete statement about how his injury occurred, has declined to provide his medical records to verify his injury, and has declined to submit to an examination under oath despite Geico's and Tawil's requests.

15.     On or about October 31, 2020, Tawil terminated the Vessel Delivery Agreement and paid TDS's final invoice for early termination in full, but under protest and without waiving his contractual defenses for TDS's material breach described above.  Despite being paid in full, TDS has made claims that the parties are still under contract.

## COUNT I: DECLARATORY JUDGMENT:
## NO COVERAGE FOR FAILURE TO COOPERATE
### (Geico v. Spaniol)

16.     Geico realleges paragraphs 1-15 inclusive as if fully stated and incorporated herein.

17.     Spaniol's noncooperation, as stated in Paragraphs 12-14 above, manifests a material breach of the Policy, discharging Geico from any coverage obligation asserted by Spaniol.

18.     Geico reserves any and all further Policy defenses available therein and under applicable law and as discovery progresses.

WHEREFORE, Geico respectfully prays that the Honorable Court enter judgment in favor of Geico, issue a Declaratory Judgment that Geico is not obligated to cover any direct, first party claim asserted by Spaniol and issue any such further relief it deems just and proper.

### COUNT II: DECLARATORY JUDGMENT ON MAINTENANCE AND CURE
### (Tawil v. Spaniol)

19. Tawil realleges paragraphs 1-15 inclusive as if fully stated and incorporated herein.

20. Claims for maintenance and cure are only recoverable against a seaman's employer.

21. Tawil was never Spaniol's employer at any material time.

22. Additionally, Spaniol has failed to provide evidence that his claimed injuries arose during the aforementioned voyage between Chester, NS and Gloucester, MA, despite several requests for this information as stated above.

23. An employer is allowed to suspend and/or terminate payments of maintenance and cure pending his investigation and when the seaman fails to cooperate with any such investigation.

24. Alternatively, therefore, if Tawil is Spaniol's employer, Tawil has no obligation to pay maintenance and cure to Spaniol since he has failed to cooperate with Tawil's investigation.

WHEREFORE, Tawil respectfully prays that the Honorable Court enter judgment in his favor and against Spaniol on Count II, issue a Declaratory Judgment that Tawil has no obligation to pay Spaniol Maintenance and Cure, and issue any such further relief this Honorable Court deems just and proper.

### COUNT III: DECLARATORY JUDGMENT DISCHARGE FROM VESSEL DELIVERY AGREEMENT
### (Tawil v. Tyler's Dock Services, LLC)

25. Tawil realleges Paragraphs 1-15 inclusive as if fully stated and incorporated herein.

26. TDS is in material breach of the Vessel Delivery Agreement, as described above.

27.    Additionally, TDS in in breach of the warranty of workmanlike performance, which is implicit in every maritime contract.

28.    Tawil has nonetheless paid TDS in full for all its obligations under the Vessel Delivery Agreement and is therefore discharged from any further obligations and/or liability thereunder.

29.    Further damages and examples of material breach may be revealed during discovery and all rights under the Vessel Delivery Agreement are reserved.

WHEREFORE, Tawil respectfully prays that the Honorable Court enter judgment in his favor and against TDS on Count III of the Complaint, and issue a Declaratory Judgment that Tawil is discharged from all its obligations of the Vessel Delivery Agreement, and any such further relief this Honorable Court deems just and proper.

Respectfully submitted,

PLAINTIFFS,
Geico Marine Insurance Company and
Saleem Tawil
By their counsel,
Farrell Smith O'Connell

*/s/ Olaf Aprans*

David J. Farrell, Jr. (BBO #559847)
Olaf Aprans (BBO # 670434)
27 Congress St., Ste. 109
Salem, MA 01970
(978) 744-8918 x. 13
dfarrell@fsofirm.com
oaprans@fsofirm.com